UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **DOWNTOWN RESTAURANT GROUP, LLC** d/b/a Public Kitchen and Bar,<br><br>*Plaintiff*,<br><br>v.<br><br>**TWIN CITY FIRE INSURANCE COMPANY**,<br><br>*Defendant*. | Case No.<br><br>**NOTICE OF REMOVAL** |

Defendant Twin City Fire Insurance Company ("Twin City"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of *Downtown Restaurant Group, LLC d/b/a Public Kitchen and Bar v. Twin City Fire Insurance Company*, No. PC-2020-07433 from the Providence County Superior Court, Providence, Rhode Island to the United States District Court for the District of Rhode Island. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 as there is complete diversity among the parties and the amount in controversy exceeds $75,000.

Pursuant to 28 U.S.C. § 1446(a), Twin City provides the following short and plain statement of the grounds for removal:[1]

1.  On October 23, 2020, plaintiff Downtown Restaurant Group, LLC d/b/a Public Kitchen and Bar ("Downtown Restaurant Group") filed a complaint in the Providence County Superior Court, Providence, Rhode Island, captioned *Downtown Restaurant Group, LLC d/b/a*

---

[1] Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Twin City's rights to assert any defense, including, but not limited to those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

*Public Kitchen and Bar v. Twin City Fire Insurance Company*, No. PC-2020-07433 (the "State Court Action"). Twin City was served with the Complaint on November 10, 2020.

2. The Complaint alleges counts against Twin City for breach of contract and violation of R.I. Gen. Laws § 9-1-33 (Bad Faith) with respect to a commercial property insurance policy Downtown Restaurant Group purchased from Twin City for property located at 120 Francis Street, Providence, Rhode Island (the "Policy"). *See* Compl. ¶ 4.

3. Downtown Restaurant Group alleges that in March 2020, the COVID-19 pandemic resulted in stay-at-home executive orders and the closure of its restaurant located in the Renaissance Hotel in Providence, Rhode Island. Compl. ¶ 6. Downtown Restaurant Group further alleges it "has sustained loss of income, business interruption and incurred expenses as a result of civil authorities prohibiting access to the insured premises." *Id.* ¶ 7. In addition, Downtown Restaurant Group alleges property damage. *Id.* ¶¶ 8, 13. Downtown Restaurant Group asserts these losses are covered by its Policy with Twin City. *Id.* ¶¶ 13, 19.

4. Downtown Restaurant Group's lawsuit arises out of Twin City's denial of a claim for coverage under the Policy of business income losses, property damage, and other expenses resulting from the coronavirus pandemic. *See* Compl. ¶ 13.

5. Twin City timely files this Notice of Removal within 30 days of service in accordance with 8 U.S.C. § 1446(b).

6. This action is properly removed. The procedural requirements of removal have been met. Information provided in the Complaint, information provided to Twin City in connection with this Policy, and information available through public sources all indicate this Court has subject matter jurisdiction.

## I. THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE MET

7. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Twin City in the State Court Action are attached as **Exhibit A** to this Notice.

8. This Notice of Removal is filed within 30 days after the receipt by Twin City, through service, of a copy of the Complaint in the State Court Action. Accordingly, removal is timely. *See* 28 U.S.C. § 1446(b).

9. This Court presides in the locality in which the State Court Action was filed. It is therefore a proper forum for removal. *See* 28 U.S.C. § 120.

10. No defendant is a citizen of Rhode Island, the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

11. A copy of this Notice of Removal will be served on Downtown Restaurant Group via United States mail and email to its counsel of record in the State Court Action, and a copy is being filed with the state court. *See* 28 U.S.C. § 1446(d).

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION

12. An action may be removed from state court to federal court if the action could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a). Here, federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000 and this is a civil action between citizens of different states.

A.     **THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES**

13.    Twin City is incorporated under the law of Indiana and has its principal place of business in Connecticut.[2]  Twin City is a citizen of Indiana and Connecticut.  *See* 28 U.S.C. § 1332(c).

14.    Downtown Restaurant Group is a limited liability company registered in the State of Rhode Island.  *See* Compl. ¶ 1.  The citizenship of a limited liability company is determined by the citizenship of its members.  *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011).  Rhode Island does not require domestic limited liability companies to identify their members in public filings.  *See* R.I. Gen. Laws § 7-16-66.  The only entity or individual required to be identified in any public filings of a Rhode Island LLC is the registered agent.  *Id.*

15.    Downtown Restaurant Group's 2020 Annual Report filed with the Office of the Secretary of State, Division of Business Services, for the State of Rhode Island states that its principal place of business is 120 Francis Street, Providence, Rhode Island 02903.  (*See* **Exhibit B**, Declaration of William M. Daley ("Daley Decl."), Ex. 1.)  The insured property is located at the same address.  (Compl. ¶ 4.)

16.    Downtown Restaurant Group's 2020 Annual Report identifies Dino Passaretta as the authorized person for Downtown Restaurant Group.  (*See* Daley Decl., Ex. 1.)  Downtown Restaurant Group's 2017 Annual Report identified Joe (Giuseppe) Delle Cave as an "Owner" of

---

[2] *See* https://www.thehartford.com/legal-notice (last accessed Nov. 24, 2020).  Although the Complaint alleges Twin City "is a licensed insurance producer in the State of Rhode Island," Compl. ¶ 2, the rule governing corporate citizenship is that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see Laccinole v. Whitepages, Inc.*, No. CV 16-586 S, 2017 WL 933061, at *2 (D.R.I. Mar. 8, 2017).

Downtown Restaurant Group.  (*See* Daley Decl., Ex. 2.) Information available from public sources indicates that Mr. Passaretta and Mr. Delle Cave both are citizens of Rhode Island.

17. Based on the information reasonably available to Twin City, Twin City believes Downtown Restaurant Group is a citizen of a state different than Twin City and this action is "between—(1) citizens or different States."  *See* 28 U.S.C. § 1332(a)(1).[3]  As a result, Section 1332's requirement of complete diversity has been satisfied.

### B. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

18. The amount in controversy in this action exceeds the $75,000 threshold required by 28 U.S.C. § 1332(a).  Where, as here, a complaint does not seek a specific amount of damages, a defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).   If that amount is challenged, a court must determine whether the jurisdictional threshold is satisfied based on a preponderance of the evidence.  *See id.* at 88. In determining whether the amount in controversy has been satisfied, the "court may look to the notice of removal and any other materials submitted by the parties."  *Laccinole v. Whitepages, Inc.*, No. CV 16-586 S, 2017 WL 933061, at *2 (D.R.I. Mar. 8, 2017) (citing *Hogan v. Wal–Mart Stores E., L.P.*, No. CA 13–603 S, 2014 WL 66658, at *3 (D.R.I. Jan. 8, 2014)).

19. Although the Complaint does not quantify Downtown Restaurant Group's alleged damages, Downtown Restaurant Group's annual sales and the Complaint's allegations demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[3] If the Court requires additional information regarding the identity of Downtown Restaurant Group's members, Twin City will seek leave to take limited jurisdictional discovery on this issue. *See, e.g. Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co.*, 794 F. Supp. 2d 265, 268 (D. Mass. 2011) (where "defendants have stated a 'colorable claim' of jurisdiction" then, at a minimum, "limited jurisdictional discovery is [] warranted").

20. Downtown Restaurant Group's restaurant is located in the Renaissance Hotel in Providence, Rhode Island. Compl. ¶ 6. Documents provided by Downtown Restaurant Group in connection with its Policy show that Downtown Restaurant Group's annual sales are substantial, as do publicly-available records.

21. Subject to the policy's terms, conditions, and exclusions, Downtown Restaurant Group's policy covers up to twelve (12) months of lost business income when there is a covered direct physical loss of or direct physical damage to Downtown Restaurant Group's insured property.

22. Downtown Restaurant Group alleges that it suffered business income losses, beginning in March 2020, as a result of government orders issued to reduce the spread of COVID-19 that limited indoor dining at restaurants. *See* Compl. ¶ 6.

23. Downtown Restaurant Group alleges it has sustained loss of business income, property damage, costs and expenses. Compl. ¶¶ 7–8, 13.

24. Downtown Restaurant Group also seeks treble damages, punitive damages, attorney's fees, interest and costs under R.I. Gen. Laws § 9-1-33 (Bad Faith). *Id.* ¶ 20.[4]

25. Downtown Restaurant Group's loss of business income since spring of 2020 supports a plausible allegation that the amount in controversy exceeds $75,000. And Downtown Restaurant Group's request for attorneys' fees further supports a finding that the amount in controversy exceeds the jurisdictional threshold of $75,000. 28 U.S.C. § 1446(c)(2)(B).

---

[4] Pursuant to § 9-1-33, a successful plaintiff may be entitled to an award of punitive damages and attorney's fees. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Raymond v. Lane Const. Corp.*, 527 F. Supp. 2d 156, 164 (D. Me. 2007) ("[plaintiff]'s claim, including attorney's fees, would exceed $75,000 and, therefore" removal was proper).

## CONCLUSION

**WHEREFORE**, notice is given that the State Court Action is removed from the Providence County Superior Court, Providence, Rhode Island to the United States District Court for the District of Rhode Island.

Dated:  November 25, 2020

Respectfully submitted,

/s/    William M. Daley
William M. Daley (# 9477)
**ROBINSON & COLE LLP**
One Financial Plaza, 14th Floor
Providence, RI 02903
Telephone:  (401) 709-3335
Email:  WDaley@rc.com

Sarah D. Gordon (*Pro Hac Vice Application Forthcoming*)
Johanna Dennehy (*Pro Hac Vice Application Forthcoming*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  (202) 429-8005
Email: sgordon@steptoe.com
Email: jdennehy@steptoe.com

Laurie Edelstein (*Pro Hac Vice Application Forthcoming*)
STEPTOE & JOHNSON LLP
One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA 94105
Telephone:  (415) 365-6700
Email: ledelstein@steptoe.com

*Attorneys for Defendant Twin City Fire Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been sent by United States mail and email on November 25, 2020 to:

**Jina N. Petrarca**
**Peter J. Petrarca**
Petrarca & Petrarca Law Offices
330 Silver Spring Street
Providence, Rhode Island 02904
Telephone: (401) 273-1111

*Counsel for Plaintiff*

/s/   *William M. Daley*
William M. Daley